21995.  GUTHRIE *et al. v.* THE STATE.

DECIDED FEBRUARY 17, 1932.

*Howell Brooke,* for plaintiff in error.

*George D. Anderson, solicitor-general,* contra.

LUKE, J.  Albert Guthrie and Walter Edwards were convicted of stealing an automobile, and except to the judgment overruling their motion for a new trial.  The indictment described the machine as "one certain Ford automobile, motor No. 14082973, the same being then and there a motor vehicle propelled by gasoline, the personal goods and private property of B. C. Dooley, and of the value of $125.00."  The only description of the car shown by the evidence appears in the testimony of B. C. Dooley, who described it as "a model T Ford automobile, with green body and black fenders and running gear," and with motor number, ownership and value as alleged in the indictment, also as a "green Ford roadster automobile, . . about a 1927" model.  The evidence abundantly shows that Dooley's car was stolen at night by persons unknown.  It was never recovered.  The State sought to connect the accused with the larceny by proof of their possession of the car shortly after it was stolen.  One witness testified that on the morning of the theft he saw the accused in possession of "a green Ford roadster," similar to one he had previously seen them driving; but he could not say whether it was Dooley's car or the same car they had previously driven.  Another witness testified to substantially the same effect, except that he had not observed the color of the car or cars he had seen in the possession of the accused.  Another witness testified to seeing the accused in possession of "either a '26 or '27 model T Ford roadster, . . with green body and black running gear, . . a repainted job," on the day following the theft, which occurred in another county, where they were arrested and imprisoned for public drunkenness.  The statements of the accused were to the effect that the car found in their possession was the property of one of them and had been in his possession long before Dooley's

car was stolen. The testimony of witnesses examined in behalf of defendants tended to corroborate their statements. No witness who saw the car in the possession of the accused identified it as the Dooley car, or claimed to be sufficiently familiar with the Dooley car to identify it under any circumstances.

Under all the evidence it must be held that it was. insufficient to exclude every reasonable hypothesis save that of the guilt of the accused.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*